UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MICKLEY McDANIEL, ET AL.            :          CIVIL ACTION NO. 18-cv-792


VERSUS                              :          UNASSIGNED DISTRICT JUDGE

PACKAGING CORPORATION OF
AMERICA, ET AL.                     :          MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


Before the court is a Motion to Dismiss filed by defendant James Machine Works, LLC ("JMW"). Doc. 7. Plaintiffs oppose dismissal. Doc. 11. Also before the court is a Motion to Remand filed by plaintiffs Mickly McDaniel, Jimmel Baptiste, Cecil Ray Collins, Jr., Ernest David Collins, David Allan Martin, Adrian M. Phillips, Samuel Rogers, Ira Shane Welch, Sr., and Ira Shane Welch, Jr. Doc. 10. Defendant, Packaging Corporation of America ("PCA") opposes remand. Doc. 14. These motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED**, the Motion to Remand be **DENIED** and that all claims against defendants Raymond Lester and Floyd J. LeBleu, be **DISMISSED WITHOUT PREJUDICE.**

I.
BACKGROUND

This case arises from injuries plaintiffs allegedly suffered on February 8, 2017, when they were performing their duties as part of a welding/pipefitting crew at a paper mill owned by PCA in DeRidder, Louisiana, when a Foul Condensate tank ("FC tank") exploded at the facility. Doc.

1, att. 7, p. 4.  On April, 17, 2018, plaintiffs, citizens of Oklahoma, North Carolina, and Texas, filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana.  Doc. 1, att. 7, p. 3. They named as defendants, PCA, a corporation with citizenship in Delaware and Illinois, Floyd J. LeBleu ("LeBleu") and Raymond Lester ("Lester"), both residents of Louisiana; and JMW, "a Louisiana limited liability company with its principal place of business located in the Parish of Ouachita, State of Louisiana."  Doc. 1, att. 7, p. 4.

On June 13, 2018, PCA removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Doc. 1.  PCA maintains that LeBleu, Lester, and JMW are improperly joined because plaintiff fails to state a valid cause of action against them, therefore, their citizenship should be ignored for purposes of determining diversity jurisdiction.  Doc. 1, pp. 3-10.

## II.
### LAW & ANALYSIS

### A.  *Motion to Dismiss [Doc. 7]*

JMW filed a Motion to Dismiss it from plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.  Doc. 7.  It argues plaintiffs' claim against it is merely a recitation of the Louisiana Products Liabilities Act, Louisiana Revised Statute §. 9:2800.51, *et seq.* ("LPLA"), and that plaintiffs have failed to provide any factual allegations to support a claim under the LPLA.  Doc. 7, att. 1, pp. 1-2.  Plaintiffs oppose the motion arguing that dismissal would be premature as there is no dispute that the FC tank was the epicenter of the explosion and issues of notice, warning, and design are likely to be argued by parties as the case progresses.  Doc. 11.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted."  When reviewing such a

motion, the court should focus exclusively on the complaint and its attachments.  *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).  Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).  However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct.1955, 1974 (2007)).  The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible.  *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In its petition, plaintiffs name JMW as the manufacturer of the FC tank and allege that JMW's fault or negligence injured plaintiffs.  Doc. 1, att. 7, p. 8.  In Louisiana, the LPLA is the exclusive theory of liability for a manufacturer whose product is said to have cause harm to another.  *See* La. R.S. 9:2800.52.  In order to recover under LPLA the damage must have arisen "from a reasonably anticipated use of the product" and the product must be "unreasonably dangerous" based on its: (1) "construction or composition," (2) "design," (3) "inadequate warning," or, (4) "nonconformity to an express warranty of the manufacturer."  La. R.S. 9:2800.54.

Plaintiffs have failed to allege anything about the FC tank that would render it unreasonably dangerous by a standard outlined by the LPLA.  They suggest in opposition that possibly the parties may discover issues of notice, warning, or design that would ultimately be "argued."  Doc. 11, p. 4.  Insofar as these potential arguments do not form any part of the pleadings then they are not to be considered.  In short plaintiffs have failed to state any facts that would satisfy the minimal

pleading requirements mandated by *Twombly, supra.*   Accordingly we recommend that this Motion to Dismiss be granted.

### B.  *Motion to Remand [Doc. 10]*

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and by statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quotation omitted). Generally, a defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  In order to remove an action from state court on the grounds of diversity, a defendant must file notice of removal and all defendants who have been properly joined and served must join in that removal.   28 U.S.C.§ 1446(b)(2)(A); *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here the parties do not contest that the amount in controversy is met or that there is complete diversity among them. Instead plaintiff alleges procedural defects with the removal, namely that remover, PCA, failed to obtain the consent of all defendants and that the removal is violative of the forum defendant rule.

#### 1.  *Consent of All Defendants*

"When a civil action is removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1442(b)(2)(A).  An improperly joined party is not required to consent to removal.  *Jernigan v.*

*Ashland Oil Inc.*, 989 F.2d 812, 815 (5 Cir. 1993).   In the notice of removal, as referenced above, defendants maintained that the in-state defendants, LeBleu and Lester, were improperly joined to this action.[1]   When, as here, removal is based on a claim that an in-state defendant has been improperly joined, then it is the responsibility of the removing party to establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5 Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5 Cir. 2003)).   Insofar as no fraud in the pleadings has been alleged here we consider only whether plaintiff has established a cause of action against these non-diverse defendants.

In a diversity case, the court applies state law to evaluate the sufficiency of the plaintiff's claims.  *Henry v. O'Charleys, Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012). The appropriate standard for determining whether plaintiff has established a cause of action is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The movant is therefore required to put forth evidence "that would negate a possibility of liability on the part of [the nondiverse defendant]." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 767 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650) (alterations in original).  All contested issues of substantive fact and ambiguities in the controlling state law must be resolved in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

---

[1] We do not discuss the need for JMW to have consented to removal given its having been dismissed due to plaintiff's failure to state a claim.

In order to assess the plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. This inquiry "depends upon and is tied to the factual fit between the [plaintiff's] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id.* at 573. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The summary inquiry is only appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits. *Id.* at 573–74. On a summary inquiry into improper joinder, the court must still resolve all ambiguities in the plaintiff's favor. *Travis*, 326 F.3d at 648–49.

Plaintiffs contend that LeBleu was responsible for the safety of all contractors working at the mill. Doc. 10, att. 1, p. 6. As to Lester, plaintiffs state that he had supervisory duties over the specific area of the mill in which the explosion occurred. *Id.* According to plaintiffs, both defendants "caused, approved, or otherwise allowed a 'hot-work' permit" to be issued which authorized the welders to work near the FC tank, thus breaching their duty. *Id.* (citing doc. 1, att. 7, pp. 4–5, ¶5). They also argue that LeBleu and Lester knew that the FC tank posed a hazard but did nothing to prevent the explosion. *Id.* at pp. 7–8 (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5

Cir. 1994)).  PCA maintains these facts fail to establish a plausible claim that either is personally

liable for their injuries.  Doc. 14, p. 15.

Under Louisiana tort law, an employee is personally liable to a third person if the employee

breached a personal duty owed to that person.  *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp.

208, 210 (W.D. La. 1991).  Courts look to the factors set forth by the Louisiana Supreme Court in

*Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), to determine if there is a basis for an employee's

personal liability.  *Id.*  Under *Canter*, four factors must be satisfied before personal liability can be

imposed:

> (1) The employer must owe a duty of care to the third person, the breach of
> which caused the damages for which recovery is sought.
>
> (2) The duty was delegated by the employer to the particular employee.
>
> (3) The employee breached the duty through his own personal fault.
>
> (4) Personal liability cannot be imposed simply because of general
> administrative responsibilities; instead it must result from a personal
> duty to the plaintiff that was not properly delegated to another
> employee.

*Canter*, 283 So.2d at 721 (*superseded by statute on other grounds as stated in Walls v. Am. Optical*

*Corp.*, 740 So.2d 1262, 1265 (La. 1999)).  Because the existence of a valid claim against Lester

and LeBleu depends on certain discrete and undisputed facts included in the parties' exhibits but

omitted from the complaint, we exercise our discretion to pierce the pleadings in this matter.

PCA has submitted sworn declarations by Lester [doc. 14, att. 1], and LeBleu [doc. 14, att.

2], in which they aver that they were never delegated any duties to oversee the FC tank, did not

issue or authorize any hot-work permit for the day of the explosion, and were unaware that any

hot work was scheduled near the FC tank at that time.  Plaintiffs have provided no evidence, in the

form of an affidavit or otherwise, that contradicts the defendants' sworn statements.  In their reply,

plaintiffs merely characterize the statements as "self-serving." and urge this court not to consider

them.  Doc. 15.  Thus plaintiffs failed to state a plausible claim against either LeBleu or Lester and both defendants should be dismissed as improperly joined

2. *Forum Defendant Rule*

Plaintiffs further argue that removal was improper as it violated the "forum defendant rule."

Under the "forum defendant rule," a case that is otherwise removable on the basis of diversity (and solely on that basis) must be remanded if any defendant who was "properly joined and served" is a citizen of the state where the original action was brought. 28 U.S.C. § 1441(b)(2).

We have already determined that neither LeBleu nor Lester was properly joined. Additionally neither of these defendants were the removing defendant.  This being the case then, the "forum defendant rule" is inapplicable and does not preclude removal in this case.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 10] be **GRANTED** and that the Motion to Remand [doc. 10] be **DENIED.**  It is further recommended that defendants , the Motion to Dismiss be **GRANTED** [doc. 7]and that all claims against Floyd J. LeBleu and Raymond Lester be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5 Cir. 1996).

THUS DONE AND SIGNED in Chambers this 31st day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE