UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MICKLY McDANIEL, ET AL | CIVIL ACTION NO. 2:18-00792 |
| VERSUS | JUDGE SUMMERHAYS |
| PACKAGING CORP. OF AMERICA, INC., ET AL | MAG. JUDGE KAY |

## RULING ON OBJECTIONS

Before the Court is a Motion to Dismiss (Rec. 7) filed by Defendant James Machine Works, LLC and a Motion to Remand (Rec. 10) filed by Plaintiffs Mickly McDaniel, Jimmel Baptiste, Cecil Ray Collins, Jr., Ernest David Collins, David Allan Martin, Adrian M. Phillips, Samuel Rogers, Ira Shane Welch, Sr., and Ira Shane Welch, Jr. The Court issues this Ruling to address Plaintiffs' objection that the Magistrate Judge "wrongly pierced the pleadings to conduct a summary analysis on the issue of whether Plaintiffs have established a cause of action as to Lebleu and Lester." (Rec. 20 at 3; *see also Id.* at 4-11).[1]

Following a *de novo* review of the record, the undersigned finds that the Magistrate Judge properly pierced the pleadings in this matter. When a plaintiff has stated a claim but has misstated discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[2] Plaintiffs allege that Defendants LeBleu and Lester breached a personal duty to them when they "caused, approved, or otherwise allowed a

---

[1] The Court finds Plaintiffs' objection to the dismissal of James Machine Works, LLC (Rec. 20 at 11-13) is without merit and overrules that objection without further discussion.
[2] *Guillory v. PPG Industries, Inc.* 434 F.3d 303 (5th Cir. 2005).

'hot-work' permit to be issue," which authorized the welders to work near the Foul Condensate Tank ("FCT"). (Rec. 1-7, ¶ 5.)

Defendants Lester submitted a Declaration[3] wherein he declared that the FCT was not within his scope of responsibilities, and he had no personal duty or responsibility for maintenance, repairs or safety of the FCT. Lester declares that he worked the night shift and made no decisions with regard to the FCT. Lester's duties as Superintendent of the Yard did not include issuing or causing hot work permits to be issued, nor did they include the decision to drain and clean the FCT. Significantly, the FCT which exploded was not under the scope of Lester's duties and/or responsibilities, and he had no prior knowledge of any welding work to be performed in the pulp mill section of the PCA facility on February 8, 2017. These facts are uncontradicted. The uncontradicted Declaration effectively negates Lester's responsibility and therefore his personal duty to the Plaintiffs on the day of the explosion. The undersigned is satisfied that Defendant Lester has met his burden of proof to preclude the possibility of recovery.

Defendant LeBleu submitted a sworn Declaration[4] wherein he averred that as a Senior Project Engineer at PCA, he oversaw and managed capital projects. The FCT was not within the scope of his general administrative responsibilities. LeBleu's duties or responsibilities did not include issuing a purchase order for welding. The welding was a maintenance job and LeBleu was not involved in maintenance, only capital projects. Draining and/or cleaning the FCT was not within LeBleu's job responsibilities. As a Project Engineer, LeBleu's job did not include issuing or causing to issue a work permit, and he had no knowledge of the welding being performed near the FCT. LeBleu further declared he was never delegated the job responsibility to determine

---

[3] Rec. 14-1.
[4] Rec. 14-2.

whether to drain and clean the FCT in advance of the hot work being performed on the day of the explosion. In addition, LeBleu declared that he had no knowledge of hot work being performed at or near the FCT on the day of the explosion. These facts are uncontradicted. The undersigned is satisfied that Defendant LeBleu has met his burden of proof to preclude the possibility of recovery.

## CONCLUSION

Accordingly, for these additional reasons as well as those stated by the Magistrate Judge: (1) the Report and Recommendation will be adopted; (2) the Motion to Dismiss will be granted dismissing Plaintiffs' claims against James Machine Works, LLC; (3) the Motion to Remand will be denied; and (4) Defendants Raymond Lester and Floy J. LeBleu will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 17th day of December, 2018.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE